Aaron Rosenbaum, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Home Indemnity Company and Altman Brothers, Inc., Respondents.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Paul Auerbach,* for petitioner.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 28, 1979:

Aaron Rosenbaum filed a petition to review the provisions of an existing compensation agreement and a petition for reinstatement of a compensation award. The Workmen's Compensation Appeal Board affirmed the referee's dismissal. Rosenbaum appeals to us.

Rosenbaum was injured on December 4, 1968, and received total disability benefits until October 28, 1969. On November 6, 1969, a supplemental agreement providing for partial disability benefits was executed and benefits expired in November, 1976.

Rosenbaum contends that the settlement agreement is a nullity as a result of fraud or mistake of fact;[1] consequently, total disability benefits must be paid for the period the employer failed to show availability of light work of a general nature. The settlement agreement stated that Rosenbaum returned to work for one week in 1969 and that he was therefore eligible for partial disability payments, his total disability having re-

---

[1] The petition to review provisions of an existing compensation agreement is filed pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §771.

solved itself to a partial disability. Rosenbaum argues that he was misled into settling and that he only returned to work for a single day, not a full week.

Rosenbaum was represented by counsel at the time he voluntarily executed the settlement agreement. The agreement was explained to him in detail and he accepted partial disability benefits for more than the full statutory period before challenging the agreement. There is no error with the Board's affirmance of the referee's refusal to set aside the fully satisfied settlement agreement.

The only argument to consider is whether a reinstatement of benefits is required because of the increased disability.[2] The referee found that:

There has been no increase of the Claimant's disability from the injury of December 4, 1968 and that instead his condition has remained essentially the same as it had been evaluated by Dr. Klinghoffer in October of 1969, that Claimant has remained partially disabled, is functionally able to perform light carpentry work such as the 'finish' work that he did in fact engage in to August of 1974.

Our review of the evidence tells us that unequivocal medical testimony fully supports this essential finding. Dr. Klinghoffer, testifying on behalf of the appellee, concluded after examination that Rosenbaum is capable of working subject to certain limitations and that there has been no significant change in his condition. This unchanged evidence is particularly convincing since this physician examined claimant at the time of the original injury in 1969, again in 1975 at claimant's request, and finally prior to this hearing.

---

[2] The petition to reinstate benefits is filed pursuant to Section 408 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §732.

Accordingly, we

**ORDER**

AND Now, this 28th day of December, 1979, the decision and order of the Workmen's Compensation Appeal Board dated December 7, 1978, affirming the determination of the referee is affirmed.